# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**STEVIE A. ROMES**                                                                  **PLAINTIFF**

**v.**                       **Case No. 4:20-cv-01211-LPR**

**MEDLINE INDUSTRIES, INC.**                                      **DEFENDANT**

## ORDER

On October 20, 2020, I granted Plaintiff Stevie Romes's petition to proceed *IFP* and screened his Complaint.[1] I identified pleading deficiencies in Mr. Romes's employment action and provided him with an opportunity to amend his Complaint.[2] In response, Mr. Romes has timely filed a document that says it is an Amended Complaint.[3] It is not really an Amended Complaint, but rather an unsworn statement of a co-worker. Nonetheless, I will consider it, and I will do so in conjunction with the original Complaint.

The law requires that I screen the Amended Complaint.[4] "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted."[5] In my previous Order, I warned Mr. Romes that, while *pro se* complaints are liberally reviewed,[6] the responsibility to allege facts supporting a claim of discriminatory harassment and/or

---

[1] Order, Doc. 4.

[2] *Id.* at 2.

[3] Amended Complaint, Doc. 7.

[4] 28 U.S.C. § 1915(e)(2).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[6] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

1

discriminatory termination rested with him.[7] Mr. Romes's Amended Complaint fails to meet his burden.

In his initial Complaint, Mr. Romes alleged he was harassed by his supervisor and unlawfully terminated in violation of Title VII of the Civil Rights Act of 1964.[8] But his allegations were entirely conclusory; he alleged no facts that would support his vague and general claims of discrimination. Among other things, he "failed to identify his own race or national origin[,]" "[h]e failed to identify the race or national origin of any person with whom he worked[,]" and "[h]e failed to identify how other similarly situated employees were treated differently."[9]

The "Amended Complaint" does not remedy these deficiencies. The "Amendment" is just an unsworn statement of a co-worker, Betty Dovins.[10] Ms. Dovins asserts that (1) both she and Mr. Romes were treated unfairly by being made to do more work than others, (2) the supervisor disliked them and liked other employees, (3) the supervisor "let a worker kuss at" Mr. Romes, (4) the supervisor "told one of the workers to call [Mr. Romes] pock motherfucker" and said he would fire Mr. Romes "if [Mr. Romes] hit [the co-worker]," and (5) Ms. Dovins thinks Mr. Romes did not steal what he was accused of stealing.[11] The allegations made (even taking the "Amended Complaint" together with the original Complaint) are insufficient to state a viable claim of discriminatory harassment or discriminatory termination.

---

[7] *Tatum v. City of Berkeley*, 408 F.3d 543, 550 (8th Cir. 2005); *Lidge-Myrtil v. Deere &Co.*, 49 F.3d 1308, 1310 (8th Cir. 1995).

[8] 42 U.S.C. §§ 2000e, *et seq.*; Complaint, Doc. 2.

[9] Order, Doc. 4 at 2, n13.

[10] Amended Complaint, Doc. 7.

[11] *Id*. The Court still does not know the race or national origin of Mr. Romes, Ms. Dovins, the supervisor at issue, or the co-workers referred to in the Complaint or the "Amended Complaint."

The Complaint and Amended Complaint are dismissed without prejudice for failing to state a claim on which relief can be granted. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.[12]

IT IS SO ORDERED this 21st day of January, 2021.

                                                      LEE P. RUDOFSKY
                                                      UNITED STATES DISTRICT JUDGE

---

[12] 28 U.S.C. § 1915(a)(3).